UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HANFORD BODDEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6429** |
| **BUD'S BOAT RENTALS, LLC** | **SECTION "N" (2)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Sever and Set Trial of Maintenance and Cure Claim (Rec. Doc. No. 6). Defendant opposes Plaintiff's motion. For the reasons that follow, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

On May 29, 2005, while working aboard the M/V ROBIN T, Plaintiff, Hanford Bodden, slipped on an oily and/or greasy substance as he attempted to change the vessel's engine oil filters. Shortly after the accident, Plaintiff was diagnosed with an acute lumbar contusion. An MRI revealed a herniated disc at the L4-5 level and bulging disks at the L3-4 and L5-S1 levels. Mr. Bodden then filed suit in this Court on December 8, 2005 against Bud's Boat Rentals, LLC ("Bud's"), Plaintiff's former employer and the owner of the vessel. In his Complaint, he alleges that his accident occurred as the result of the negligence of Bud's and the unseaworthiness of the M/V ROBIN T. Plaintiff requests damages for past lost wages, loss of future earning capacity, disability, disfigurement, loss of enjoyment of life, mental anguish, pain and suffering, medical expenses and loss of found. Plaintiff additionally asserts a claim for maintenance and cure in his

Complaint.

On March 17, 2006, Plaintiff filed the motion presently before the Court, in which he seeks a severance of the maintenance and cure portion of his case and an expedited trial on those matters.  In support of his motion, Plaintiff states that he "is in dire circumstances" in that "[d]efendant has not favored him with maintenance and cure benefits, and he needs money to eat and put a roof over his head, and he needs money for his medical care."  Plaintiff further states that if he is not provided an expedited hearing on his maintenance and cure claim, he will be unable to complete his treatment and rehabilitation, which potentially includes surgery, and, consequently, will not be able to present all pertinent medical evidence at the trial on the Jones Act and general maritime law claims.  In opposition to Plaintiff's motion, Defendant states that it discontinued Plaintiff's cure payments because Mr. Bodden refused to undergo an MRI or to attend physical therapy as ordered by his treating physician.  Defendant further argues that two trials in this matter would result in duplicative expert testimony and undue costs, which are not outweighed by the benefits of two trials.  Finally, Defendant asserts that because Plaintiff waited nearly a year since his accident to attempt to sever his maintenance and cure claim, his situation must not be as dire as he sets forth.

## II.  LAW AND ANALYSIS

A seaman has the right to join a maintenance and cure claim with a Jones Act claim but is not obliged to do so.  *Tate v. American Tugs, Inc.*, 634 F.2d 869, 871 (5th Cir. 1981); *Cooper v. Nabors Offshore, Inc.*, No. 03CV2657, 2003 WL 22174237, at *1 (E.D. La. Sept. 9, 2003); *Grundstrom v. 4-J's Enterprise, Inc.*, No. 03CV2657, 2004 WL 551207, at *1 (E.D. La. Mar. 18, 2004).  If a seaman does choose to join such claims, he may later request that the maintenance and cure claim be severed from his other claims and tried expeditiously.  *Grundstrom*, 2004 WL 551207

at *1; *Cooper*, 2003 WL 22174237, at *1.  When considering a motion to sever a maintenance and cure claim, this Court has found the following factors to be relevant:  the plaintiff's interest in an expedited trial on the issues of maintenance and cure; the proximity of the scheduled trial date; whether the trial is to be a jury trial or a bench trial; whether the nonmovant opposes the motion; whether a delay in the plaintiff's surgery, if surgery is needed, would make a determination of damages speculative with respect to the plaintiff's other claims; and whether the same experts would have to testify in both trials.  *See id.  See also*, *Marine Drilling Mgt. Co. v. Scott*, 02CV1967, 2003 WL 133218, at *1 (E.D. La. Jan. 15, 2003) (citing *Hampton v. Daybrook Fisheries, Inc.*, 01CV1913, 2002 WL 1974107, at *2 (E.D. La. Aug. 27, 2002)).

Upon reviewing the submissions of the parties, the Court finds that Plaintiff has not advanced compelling reasons that would justify a severance in this case.  As noted above, Plaintiff asserts in his motion that, without having the means to have surgery prior to trial on his Jones Act and general maritime law claims, he will be unable to introduce evidence regarding his future vocational limitations and economic losses.  The Court is unpersuaded by Plaintiff's argument.  Plaintiff, himself, acknowledged during his deposition that, at this time, he does not have an intent to undergo surgery, although it is a possibility for the future.  The trial in this matter, which will be a bench trial, is set on January 29, 2007, only seven months away.  Based on Plaintiff's own statements, the Court is not convinced that Plaintiff would attempt to undergo surgery prior to that date.  Further, the Court finds that it would not be in the interest of judicial economy to hold a separate trial on the maintenance and cure claim, when, most likely, some of the same experts would have to testify again just a few months later for the trial on all other issues.  Finally, the Court notes that Defendant adamantly opposes Plaintiff's motion.  Clearly, the above-referenced factors weigh in favor of trying Plaintiff's claims in one trial.

### III. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Sever and Set Trial of Maintenance and Cure Claim is **DENIED**.

New Orleans, Louisiana, this 30th day of June, 2006.

_____
**Kurt D. Engelhardt
United States District Judge**